**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

<table>
<tr><td>Deborah S. Hunt<br>Clerk</td><td>100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988</td><td>Tel. (513) 564-7000<br>www.ca6.uscourts.gov</td></tr>
</table>

Filed: September 12, 2018

Mr. Bruce H. Edwards
Office of the Attorney General of Michigan
P.O. Box 30217
Lansing, MI 48116

Ms. Laura Graves Moody
Office of the Attorney General of Michigan
P.O. Box 30217
Lansing, MI 48116

Mr. Marcus Trinal Robinson
Oaks Correctional Facility
1500 Caberfae Highway
Manistee, MI 49660

> Re: Case No. 18-1511, *Marcus Robinson v. Les Parish*
> Originating Case No. : 4:16-cv-11738

Dear Mr. Robinson and Counsel,

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Jennifer Earl
Case Manager
Direct Dial No. 513-564-7066

cc: Mr. David J. Weaver

Enclosure

No. 18-1511

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| MARCUS TRINAL ROBINSON, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | O R D E R |
| v. | ) | |
| | ) | |
| LES PARISH, Warden, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |

FILED
Sep 12, 2018
DEBORAH S. HUNT, Clerk

Marcus Trinal Robinson, a pro se Michigan prisoner, appeals from the district court's order denying his 28 U.S.C. § 2254 petition for a writ of habeas corpus. The district court granted Robinson a certificate of appealability (COA) on his first ground for relief but denied a COA on his second ground. This court construes Robinson's notice of appeal as an application for an expanded COA. *See Kincade v. Sparkman*, 117 F.3d 949, 953 (6th Cir. 1997). Robinson also moves for the appointment of counsel on appeal.

In 2013, a Michigan jury convicted Robinson of second-degree murder, assault with intent to do great bodily harm less than murder, three counts of possession of a firearm during the commission of a felony, felon in possession of a firearm, and carrying a concealed weapon. The trial court sentenced him to forty-five to seventy-five years in prison for the second-degree murder conviction and lesser sentences for the remaining counts. The Michigan Court of Appeals affirmed, *People v. Robinson*, No. 314906, 2014 WL 4930702, at *1 (Mich. Ct. App. Oct. 2, 2014), and the Michigan Supreme Court denied leave to appeal, 862 N.W.2d 652 (Mich. 2015) (mem.).

In May 2016, through counsel, Robinson filed this § 2254 petition, arguing that: (1) his trial counsel was ineffective for failing to request an "accident" defense instruction; and (2) the trial court erred by refusing to instruct the jury on a lesser included offense of involuntary

Case 4:16-cv-11738-TGB-PTM ECF No. 15, PageID.3374 Filed 09/12/18 Page 3 of 3   (3 of 3)
Case: 18-1511 Document: 7-2 Filed: 09/12/2018 Page: 2

No. 18-1511
- 2 -

manslaughter.  The district court rejected both claims on the merits, denied the petition, declined to grant a COA on Robinson's second ground, but granted a COA on his first ground.

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *accord Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  When the denial of relief is based on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Citing *Beck v. Alabama*, 447 U.S. 625 (1980), Robinson argued in his second ground that the trial court erred in refusing to instruct the jury on the lesser included offense of involuntary manslaughter as to his second-degree murder count.

In *Beck*, the Supreme Court held that it is unconstitutional to impose the death penalty if a trial court fails to instruct a jury on a lesser included offense supported by the evidence in a capital case.  *Id.* at 627.  However, reasonable jurists would not debate the district court's conclusion that *Beck* does not apply here because this is not a capital case and the Supreme Court "has never held that due process requires lesser-included-offense instructions in a non-capital case."  *McMullan v. Booker*, 761 F.3d 662, 667 (6th Cir. 2014); *see also Scott v. Elo*, 302 F.3d 598, 606 (6th Cir. 2002).

Accordingly, this court **DENIES** Robinson's motion to expand the COA.  It **GRANTS** his motion to appoint counsel.  *See* 18 U.S.C. § 3006A(a)(2)(B).  The Clerk's Office is directed to issue a briefing schedule as to the previously certified issue:  whether Robinson's trial counsel was ineffective for failing to request an "accident" instruction.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk